1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MELVIN MCCORMICK ad EDGAR TED CAVES,

Plaintiff,

vs.

CALIFORNIA PIZZA KITCHEN, CITY OF DALLAS POLICE DEPARTMENT, EDDIE CRAWFORD, RICK ROSENFIELD, LARRY FLAX, MSSTY VAUGHN,

Defendant.

CASE NO. 10CV1469-MMA (WVG)

**ORDER DISMISSING CASE FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1406(a);**

**DENYING AS MOOT PLAINTIFFS' MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

[Doc. Nos. 2, 3]

On July 14, 2010, Plaintiffs filed the instant action alleging violations of their civil rights. (Doc. No. 1.) Plaintiffs did not prepay the $350 civil filing fee mandated by 28 U.S.C. § 1914(a); instead they have filed Motions to Proceed *In Forma Pauperis* ("IFP"). (Doc. Nos. 2, 3.)

## I.

## Lack of Proper Venue

Upon initial review of the Complaint, the Court finds that Plaintiffs' case lacks proper venue.  Venue may be raised by a court sua sponte where the defendants have not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).  "A civil action wherein jurisdiction is not founded solely on diversity

of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiffs allege that they are Texas residents, and assert claims against Defendants who are either residents of Dallas, Texas or Los Angeles, California. Plaintiffs' claims bear no relation whatsoever to the Southern District of California. (Doc. No. 1.) Therefore, the Court finds venue is not proper in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

## II.

### Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that this case is **DISMISSED** for lack of proper venue pursuant to 28 U.S.C. § 1406(a). The Court **DENIES AS MOOT** Plaintiffs' pending motions for leave to proceed IFP. (Doc. Nos. 2, 3.)

**IT IS SO ORDERED**.

DATED:  August 4, 2010

Hon. Michael M. Anello
United States District Judge